IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY HOWELL, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:CV-07-0775 |
| v. : | |
| : | (JUDGE CAPUTO) |
| STATE FARM MUTUAL : | |
| AUTOMOBILE INSURANCE : | |
| COMPANY, ET AL., : | |
| : | |
| Defendants. : | |
| : | |

## MEMORANDUM

Before me is Motion of Plaintiff, Gary Howell, to Remand this Matter to the Court of Common Pleas of Luzerne County Pursuant to 28 U.S.C. § 1447. (Doc. 5.) The determination of this motion turns on whether the removal was timely under 28 U.S.C. § 1446(b). Plaintiff contends it is untimely because removal occurred more than thirty (30) days after the initial pleading was served. Indeed, the complaint was filed in the Court of Common Pleas of Luzerne County on October 17, 2006 and served on the Defendants on October 25, 2006. The Complaint seeks relief for the bad faith handling of Plaintiff's claim for underinsured motorist benefits as a result of injuries received in an accident in February, 2003. Mike Grove was joined as a Defendant and Plaintiff asserted claims of breach of fiduciary duty, negligence and negligent infliction of emotional distress against him. Mike Grove is a citizen of Pennsylvania.

Removal did not occur until April 25, 2007, some five months beyond the date of service. The removal occurred within thirty days of the Court of Common Pleas of Luzerne County sustaining preliminary objections in the form of a demurrer as to Mike Grove, which were timely filed by the Defendant. The Defendant contends that the removal is timely because the action by Luzerne County is when Defendant first "ascertained that the case is one which is or has become removable . . . " 28 U.S.C. § 1446(b).

The motion is fully briefed and ripe for disposition.

## DISCUSSION

28 U.S.C. §1446 provides in pertinent part:

> a. A defendant or defendants desiring to remove any civil action . . . from a state court shall file in the District Court of the United States for the district . . . within which such action is pending a notice of removal.
>
> b. The notice of removal of civil action . . . shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ."

The Defendant claims the removal is timely in that by sustaining the demurrer and thereby dismissing the claims against Mike Grove, diversity jurisdiction exists thereby assuring federal jurisdiction under 28 U.S.C. § 1332. The Defendant asserts that the claims of breach of fiduciary duty, negligence and negligent infliction of

emotional distress "were and are wholly unsubstantial and frivolous." In other words, the Defendant believed the joinder of Grove was fraudulent and for the sole purpose of defeating diversity. (Doc. 12 at 1). The Defendant sought relief in the Court of Common Pleas of Luzerne County because this Court has remanded other cases for failure to establish fraudulent joinder. Defendant further contends that the ruling of the Luzerne County Court dismissing the claims against Mike Grove establish there is no claim against him under Pennsylvania law, thereby presumably establishing that the claims against him were fraudulent in the first instance.

The majority of the support Defendant advances is from the Ninth Circuit. There it has been held that the "test for fraudulent joinder is if plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state." *Cecena v. Allstate Ins. Co.*, 2005 WL 2893780 (N.D. Cal.) *3 (*citing McCabe v. General Foods Corp*. 811 F.2d 1336, 1339 (9th Cir. 1987)).

The standard for what constitutes fraudulent joinder in this Circuit is whether the claim is "wholly unsubstantial [or] frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992). Moreover, since fraudulent joinder is a "term of art", *see McCabe* at 1339, which only has application to the construction of the federal removal statutes, state courts would not determine such an issue. The Luzerne County Court did not decide the issue of fraudulent joinder; it decided there was no claim against Mike Grove, and nothing more, and, its order dismissing Mike Grove is interlocutory, and not final.

3

Since Defendant has asserted that it believed joinder was fraudulent in the first instance, it cannot say that it awaited a state court ruling of dismissal before it could be first ascertained that the case was removable.  That is tantamount to saying that I thought joinder was fraudulent when I was served (and the case therefore removable), but because the federal court might not agree, I am going to get a ruling on fraudulent joinder from the state court, and if favorable, remove the case on the basis that the state court order is the first time I ascertained the case was removable.  While the approach may be novel and strategic, it is essentially circumvention of the requirements of the removal statutes.  The determination of whether joinder is fraudulent, *i.e.* wholly unsubstantial or frivolous, is for the federal court to which it is removed, not the state court. [1]  The question of whether the joinder of Mr. Grove was fraudulent should have been tested by seeking removal within (30) days of initial service of the complaint.

Arguments have been made concerning the "voluntary - involuntary" distinction in terms of making a case later removable.  In my view, given the determination I have reached, it is unnecessary to visit this issue.

The motion to remand will be granted.

An appropriate Order follows.

Date: August 31, 2007            /s/ A. Richard Caputo
                                 A. Richard Caputo
                                 United States District Judge

---

[1] The Luzerne County Court of Common Pleas did not purport to decide the joinder of Mike Grove was fraudulent, viz that the claims against him were "wholly unsubstantial or frivolous."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY HOWELL : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:CV-07-0775 |
| v. : | |
| : | (JUDGE CAPUTO) |
| STATE FARM MUTUAL : | |
| AUTOMOBILE INSURANCE : | |
| COMPANY, ET AL., : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

**NOW**, this 31st day of August, 2007, **IT IS HEREBY ORDERED** that the Motion of Plaintiff, Gary Howell, To Remand This Matter to the Court of Common Pleas of Luzerne County Pursuant to 28, U.S.C. § 1446 (Doc. 5) is **GRANTED**.

The Clerk of Court is directed to remand this case to the Luzerne County Court of Common Pleas.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge